Filed 9/30/25  Marriage of Williams CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of KARL and MARY JEAN WILLIAMS. | |
| KARL WILLIAMS, Appellant, v. MARY JEAN WILLIAMS, Respondent. | G064019 (Super. Ct. No. 21D006137) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Adrianne E. Marshack, Judge. Dismissed.

Karl Williams, in pro. per., for Appellant.

No appearance for Respondent.

This appeal stems from the trial court's denial of appellant Karl Williams' motion to set aside a judgment entered pursuant to a martial settlement agreement between Karl[1] and respondent Mary Jean Williams. As grounds for the set-aside, Karl argued attorney coercion, mistake, inadvertence, excusable neglect, and failure to disclose, led him to sign the agreement which he characterized as "inherently unfair" and "inequitable."

After Karl filed an opening brief concerning the merits of the appeal, no respondent's brief was filed, and Karl requested oral argument, nonparty Anna Monika Williams (a nonattorney representing herself) submitted a letter to this court indicating she is the widow of Karl. The letter stated Karl passed away after he requested oral argument and attached a death certificate from Nevada for a "Karl Alan Williams." In response, this court ordered Karl to clarify the record within 15 days if he was still alive or oral argument would be deemed waived, directed Anna to be served with all filings in the appeal, and notified Anna she had not filed a motion with a declaration sufficient to show she was entitled to appear as a party. (See Code Civ. Proc., § 377.32.)

Thereafter, Anna filed a motion requesting she be substituted in as appellant. This court denied the motion without prejudice because it was not accompanied by a declaration, executed under penalty of perjury under the laws of this state, containing all the specific information listed in Code of Civil Procedure section 377.32. As a result, oral argument was deemed waived.

---

[1] Because those involved have the same last name, we refer to them by first name. No disrespect is intended.

2

A subsequent order advised Anna and any other person claiming or seeking to be a personal representative or successor in interest of Karl or his estate that this court was considering dismissing the appeal because no further communication was received from Anna or any other individual claiming to have an interest in the matter. The order provided 60 days for any individual to do one or more of the following: (1) file a party substitution motion, accompanied by all necessary information for effectuating a party substitution (Code Civ. Proc., §§ 377.31, 377.32; Cal. Rules of Court, rule 8.36(a)); or (2) provide information to this court concerning why it should or should not dismiss the appeal. No filings or information of any kind has been received by this court since that time.

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." (Code Civ. Proc., § 367.) The death of a party to a dissolution of marriage case sometimes abates the action, meaning it ends the action without the opportunity for further litigation. However, if judgment of dissolution is entered but property issues remain for determination, courts generally retain jurisdiction over a dissolution action. (See *In re Marriage of Mallory* (1997) 55 Cal.App.4th 1165, 1174.)

Through this appeal, Karl sought to reopen a settled judgment which, among other things, encompassed all property related determinations. We need not decide whether the dissolution action should abate in this circumstance rather than accrue to a personal representative or successor in interest. Even assuming the appeal should continue with a proper representative or successor, no one has successfully moved to establish themselves as such. Further, Mary Jean has not appeared in this appeal. With no appellant to pursue this appeal, it must be dismissed.

3

## DISPOSITION

The appeal is dismissed.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

SCOTT, J.